78 F.3d 584
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Fred A. LENNON, Plaintiff-Appellant,
v.
NEUBERGER & BERMAN, Defendant-Appellee,
and
Chemical Bank, Third Party Defendant-Appellee.
 No. 94-4277.
 United States Court of Appeals, Sixth Circuit.
 March 1, 1996.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; GILMORE, District Judge.*
 PER CURIAM.
 
 
 1
 Plaintiff Fred A. Lennon filed this action in state court against Neuberger & Berman ("N & B"), an investment advising company, alleging state law breach of contract and tort claims arising from N & B's management of plaintiff's investment account. Plaintiff seeks to recover lost income resulting from an underpayment of interest on a bond issued by United Technologies Corporation ("UTC Bond"), as well as a return of investment advisor fees paid to N & B. N & B removed the case to federal court, and in turn filed a third-party complaint against Chemical Bank, the custodian of the UTC Bond. Federal diversity jurisdiction, 28 U.S.C.A. § 1332 (West 1993), is proper. Plaintiff appeals from the magistrate judge's entry of summary judgment[1] on all of plaintiff's claims pursuant to 28 U.S.C.A. § 636(c)(3) (West 1993).
 
 
 2
 On appeal, plaintiff challenges the magistrate judge's conclusion that: (1) the Discretionary Investment Advisor Agreement between plaintiff and N & B did not require N & B to verify independently the amount of interest due on the UTC Bond; (2) N & B did not have a contractual duty to remit IRS Form 1099s to plaintiff; (3) N & B was not unjustly enriched in its relationship with plaintiff; and (4) plaintiff did not have a valid tort claim for N & B's alleged negligence in performing its contractual duties.
 
 
 3
 After studying the record and the briefs of the parties, as well as the relevant law, we are satisfied that the magistrate judge ruled correctly on each of the issues raised and that plaintiff has not met his burden under Fed.R.Civ.P. 56 on any of his contract or tort claims. Accordingly, the decision of the magistrate judge is AFFIRMED for the reasons stated in his October 28, 1994 memorandum opinion.
 
 
 
 *
 The Honorable Horace W. Gilmore, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 All parties agreed to have this case decided by a magistrate judge. See 28 U.S.C.A. § 636(c)(1) (West 1993)